

**FILED**

AUG 3 1 2015

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| HEATHER ERIN WYLIE,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA, BUTTE-SILVERBOW COUNTY, LEWIS AND CLARK COUNTY, MONTANA DEPARTMENT OF CORRECTIONS, MONTANA WOMEN'S PRISON, et al,<br><br>Respondents. | Cause No. CV 15-43-BU-DLC-JCL<br><br>ORDER and FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

This case comes before the Court on Heather Erin Wylie's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Wylie is a state prisoner proceeding pro se.

For the reasons detailed below it is recommended that the petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied.[1]

### I. Factual and Procedural Background

The petition at hand is Wylie's third in this Court. She filed the first in 2011.

---

[1] Wylie has also moved this Court to proceed in forma pauperis. This Court is familiar with Ms. Wiley and finds that she has sufficiently shown that she cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

1

*See Wiley v. Acton*, No. CV 11-67-BU-SEH-RKS (D. Mont. Oct. 24, 2011). That matter was dismissed without prejudice, because none of the claims in her petition were properly exhausted. *Wiley v. Acton*, No. CV 11-67-BU-SEH-RKS (Mont. Jan. 27, 2012). Wiley filed her next federal habeas petition in 2012. See *Wylie v. State*, No. CV 12-41-BU-CSO (D. Mont. filed June 22, 2012). There, Wylie raised twelve separate claims. The majority of Wylie's claims were dismissed due to lack of merit. *Wylie v. State*, No. CV 12-41-BU-CSO (D. Mont. Oct. 29, 2012). Wylie's remaining claims were dismissed with prejudice as procedurally defaulted without excuse. *Wylie v. State*, No. CV 12-41-BU-CSO (D. Mont. June 25, 2013). Wiley has also filed two civil complaints in this Court.[2]

Additionally, Wylie has an extensive history of filing in the state courts. Following her sentencing on October 28, 2010, Wylie filed for post-conviction relief which was denied. Wylie also moved to withdraw her guilty plea which was denied. Wylie appealed to the Montana Supreme Court and the Court found that Wylie had failed to perfect her appeal on the postconviction petition by neglecting to file a timely appeal and the Court, therefore, lacked jurisdiction. *State v. Wylie*, Or., No. DA 11-0726 at 4 (Mont. May 29, 2012). The Court also affirmed the trial court's denial of Wylie's motion to withdraw her guilty plea, finding that the record showed substantial evidence that Wiley was adequately advised of the rights

---

[2] See *Wylie v. Montana Women's Prison*, 1:13-cv-00053-SEH-CSO; and, *Wylie v. County of Silver Bow/City of Butte*, 2:11-cv-00084-SEH.

she would be waiving and that she had also received the benefit of the plea agreement. *Id.* at 6.

Wylie then filed a petition for a writ of habeas corpus with the Montana Supreme Court challenging her convictions, arguing that she had received a facially invalid sentence and that being convicted of two counts of theft violated her right against double jeopardy. *Wylie v. Daly*, No. OP 13-0596 at 1 (Mont. Dec. 31, 2013). The Court was not persuaded, noting that because Wiley received a commitment to the Montana State Prison and not the Department of Corrections, the statute upon which she relied was inapplicable. *Id.* at 2. The Court also held that because each theft to which Wiley plead guilty involved different victims, double jeopardy was not triggered. *Id.* Finally, the Court held that habeas corpus was an inappropriate vehicle to use to collaterally attack a conviction and sentence, Wiley should have raised the issues on direct appeal. *Id.*

Wiley next filed a legal malpractice against her criminal attorney, seeking $12 million in damages. The trial court held that Wiley failed to adequately respond to discovery requests and the responses she did make were incomprehensible. *Wylie v. Balaz*, Or., No. DA 14-0168 at 2 (Mont. Nov. 18, 2014). On appeal, the Montana Supreme Court found that the trial court acted with authority to dismiss Wiley's case as a sanction pursuant to M.R. Civ. P. 37 (b) (2)(A). *Id.* at 3.

3

Wiley filed a subsequent appellate action which was dismissed pursuant to a voluntary/stipulated dismissal. *Wylie v. MT Women's Prison*, No. DA 14-0241 (Mont. May 13, 2014). Wiley next filed a motion under M.R. Civ. P. 60(b) for relief from her prior judgment of conviction; it, too, was denied. *State v. Wylie*, No. DA 14-0393 (Mont. Jan. 6, 2015).

Wiley's final state appellate case arose from an action that the victim of her thefts (Sweeny) brought in 2010 to establish a restitution amount. See, *Sweeny v. Wiley*, No. DA 14-0581, 2015 MT 154N (Mont. June 2, 2015). On April 24, 2014, Wylie filed a motion to dismiss that matter for lack of prosecution. *Id.* at 2. In May of 2014, the trial court entered an order in Wylie's criminal case specifying the amount of restitution she owed. *Id.* Sweeny filed a notice of voluntary dismissal and the case was dismissed. *Id.* Wylie requested reconsideration which was denied, with the trial court noting that Wylie, herself, had previously moved for dismissal. *Id.* Wyle appealed and the Montana Supreme Court affirmed the trial court finding no abuse of discretion. *Id.* at 3.

## II. Analysis

Although her petition is somewhat difficult to follow, it appears that Wylie makes the following claims:[3]

I.  Malicious prosecution based upon fraudulent claims and misrepresentations (Doc. 1 at 2);

---

[3] For consistency the Court has adopted Wylie's numbering system.

II. Sweeny made the claims which underlie Wylie's 2010 criminal charges following her resignation from his law office (*id.* at 2);

III. Wylie was interviewed only once by law enforcement and her arrest did not come until 1 ½ years later (*id*);

IV. Wylie's attorney, Balaz, failed to investigate her criminal case and persuaded her to take a plea (*id.* at 3);

V. A) Wylie plead to crimes she did not commit, she only admitted to taking funds "into" the firm and not "from" the firm, B) The Presentence Investigation Report contained over 81 errors, C) Her attorney failed to properly investigate, D) her conviction resulted from an inaccurate finding by the State Auditor[4] (*id.* at 3-4);

VI. Wiley filed a complaint against Sweeny with the Montana State Bar Association that was subsequently dismissed. Wylie also lodged a civil complaint which to date remains unfiled in Butte Silverbow County[5] (*id.* at 4-5);

VII. A) Sweeny hired Michael McMahon to represent him in a proceeding before the Montana State Bar; McMahon also represents Blue Cross/Blue Shield. The bar complaint alleged, in part, that Sweeny's girlfriend/wife shouldn't have been considered an "employee" for purposes of insurance coverage. Blue Cross/Blue Shield insures members of the Montana State Bar, B) Wylie disclosed this potential issue to Balaz, but it was not investigated (*id.* at 5);

VIII. The Clerk of the U.S. Bankruptcy Court was never interviewed by Balaz during the criminal case (*id.* at 5);

IX. Insurance fraud perpetrated by Sweeny, which could explain misuse of client funds, was never investigated by Balaz during Wylie's criminal case (*id.* at 6);

---

[4] Wylie now puts forth a letter from the Department of Revenue which she claims provides support for her claim of actual innocence. *See* Exhibit A (Doc. 1-1 at 2).

[5] A copy of the complaint has been filed along with Wiley's petition as Exhibit B (Docs. 1-2 and 1-3).

X. Wylie was fraudulently charged with forgery, the State's own forensic expert established that there was, in fact, no forgery (*id.* at 6);

XI. Balaz failed to properly investigate and correct errors contained in the presentence investigation report (*id.* at 6-7);

XII. Wylie's legal documents, including her Writ of Certiorari and a reply brief, have gone missing in the prison mail system (*id.* at 7);

XIII. The Montana Women's Prison has improperly interfered with Wylie's legal matters (*id.* at 7);

XIV. The financial data relied upon by the Montana Department of Revenue was the same as that taken from the discovery in the criminal case and "if it was good enough to stay 'taxes' it would seem sufficient to settle issues herein." (*id.* at 8);

XV. Because the Montana Department of Revenue has withdrawn its tax collection claim, it follows that all of the "embezzled funds" have been actually located. The Montana State Auditor and presentence investigation writer erred by not arriving at the same conclusion (*id.* at 8);

XVI. A) It was a violation against double jeopardy to charge Wiley in both Butte Silverbow County and Lewis and Clark County, B) The following relief is requested: that both judgments be set aside and that Wiley be forgiven of all her legal obligations; that Wiley be granted a temporary restraining order against all of the Butte Silverbow judicial/legal officials due to a "local Butte prejudice;" that all her criminal records be forever forgiven and eliminated from her criminal history; that a public exoneration take place; that all her fingerprints, Conweb photos, case reports, and records be removed from public view and sealed; that she be awarded compensation for false imprisonment and damage to her character; and that criminal charges be pressed against Sweeny (*id.* at 8-11).

As set forth below, Wiley's petition should be dismissed. Claims VI, XII, XIII, and XVI (B) are not cognizable claims under 28 U.S.C. § 2254. Claims II, III, VII

6

(A), and X all fail to state a claim upon which relief can be granted. Claims I, IV, V(A), V(B), V(C), V(D), VII(B), VIII, IX, XI, XIV, XV, and XVI(A) are all barred as second or successive.

**Claims which are not cognizable**

The Circuit has recognized that there are instances when a court lacks jurisdiction over a claim brought in a habeas petition. *Nettles v. Grounds*, 788 F. 3d 992, 997 (9th Cir. 2015). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Id.* at 998, citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Circuit observed that a claim challenging prison procedures is only "cognizable in habeas if it will 'necessarily spell speedier release' from custody, meaning that the relief sought will either terminate custody, accelerate the future date of release from custody, or reduce the level of custody." *Id.* at 992, citing *Skinner v. Switzer*, 131 S. Ct. 1289, 1299 n. 13 (2001). Prisoners seeking other challenges to their conditions of confinement may have recourse under 42 U.S.C. § 1983, but not habeas. *Id.* at 1002.

Wylie's Claims XII and XIII both take issue with the Montana Women's Prison allegedly interfering with Wylie's mail and legal matters, respectively. Wylie's Claim VI asserts that Butte Silverbow County has wrongfully refused to file her civil complaint. None of these claims involve the legality of Wiley's

7

custody or this Court's ability to review her continued confinement or accelerate her release. This Court is without jurisdiction to hear these claims.

Additionally, Wiley seeks various forms of relief in Claim XVI (B). The function of a habeas action is not to award money damages, grant temporary restraining orders, expunge criminal records, or initiate criminal charges. This Court is without jurisdiction to order any of the relief sought by Wylie.

Federal courts must entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State only on the ground that she is in custody in violation of the Constitution or laws or treaties of the United States. 22 U.S.C. §2254(a). Claims II, III, and VII (A), fail to allege any federal constitutional violation. Claim X discusses the original forgery charge, but because Wylie was not convicted of forgery, the Court cannot perceive any constitutional basis for the claim.

Claims XII, XIII, VI, and XVI (B) are not cognizable under 28 U.S.C. §2254. Claims II, III, VII (A), and X all fail to state a federal basis. Accordingly, this Court lacks jurisdiction to consider any of these claims.

**Second or Successive**

This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b) (1). A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim

rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3). The claims referenced in this section arise out of the 2010 Butte Silverbow conviction. "[B]oth 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Magwood v. Patterson*, 561 U.S. 320, 332-3, 130 S. Ct. 2788, 2797, 177 L. Ed. 2d 592 (2010).

> In Wylie's prior petition she raised, among others, the following claims:[6]
>
> Claim (1) that her arrest was unlawful because the Information was based on false and fabricated evidence;
>
> ...
>
> Claim (5) that she was maliciously and unethically prosecuted;
>
> ...
>
> Claim (7) that the prosecution manipulated the record and her attorney failed to properly investigate "the State's manipulated claims," resulting in her subjection to misrepresentation and double jeopardy;
>
> ...
>
> Claim (10) that her guilty plea was unlawfully induced;
>
> Claim (11) that her conviction was obtained by inaccurate and incomplete information and factual findings by an auditor;
>
> Claim (12) that her conviction was obtained and based improperly on the presentence report by a probation officer;

---

[6] See, *Wylie v. State*, No. 2:12-cv-00041-CSO (Doc. 6 at 4-6).

9

As to Claim I in the instant petition, Wylie's claims of malicious prosecution and misrepresentation were raised in her prior petition under both Claim 1 and Claim 5. In the present petition, Wylie also makes several allegations of failure to investigate on the part of her trial counsel: Claim IV, Claim V(C), Claim VII (B), Claim VIII, Claim IX, and Claim XI. This claim of failure to investigate was raised in her prior petition as Claim 7. All six of these claims are second or successive. Wylie previously claimed that her guilty plea was unlawfully induced. Therefore, her current claim V (A) and the portion of Claim IV relating the voluntariness of her plea, is also successive. Wylie's present claim pertaining to inaccuracies in the PSI, Claim V (B), was previously raised as Claim 12. Likewise, Wylie's current claim of V(D) relating to the inaccurate and incomplete findings by the auditor was previously raised as Claim 11. Finally, Wylie raises a double jeopardy claim here; however, she previously raised a similar claim in her prior petition, Claim 7. Wylie had the full opportunity to challenge her conviction and sentence in her prior federal habeas petition, as well as in other filings in the state court. Thus, the claims outlined above constitute a successive attack on the original 2010 conviction.

Wylie seems to allege in Claims XIV and XV that the letter from the Montana Department of Revenue establishes new evidence that she was unlawfully convicted of the crimes to which she plead guilty. Even if the Court were to accept

this letter for such a purpose, which it does not, this Court still lacks jurisdiction to hear the merits of this claim. 28 U.S.C. § 2244(b)(2) sets forth narrow exceptions to the second or successive bar. The exceptions are limited to new rules of constitutional law, § 2244(b)(2)(A), or newly discovered facts that establish actual innocence, § 2244(b)(2)(B). Even if Wylie were able to establish a valid exception, via the Department of Revenue letter, this claim may not be asserted for the first time in the district court.

Wylie is required to raise her grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Until Wylie obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court has no jurisdiction to hear Wylie's claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curium). Claims I, IV, V(A), V(B), V(C), V(D), VII(B), VIII, IX, XI, XIV, XV, and XVI(A) are all barred as second or successive.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

11

Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

## RECOMMENDATION

1. Ms. Wylie's motion to proceed in forma pauperis is (Doc. 2) GRANTED.

2. Ms. Wylie's Petition (Doc. 1) should be DISMISSED for lack of jurisdiction. Claims XII, XIII, VI, and XVI(B) are not cognizable under 28 U.S.C. §2254. Claims II, III, VII(A), and X fail to establish a constitutional violation. Claims I, IV, V(A), V(B), V(C), V(D), VII(B), VIII, IX, XI, XIV, XV, and XVI(A) are all barred as second or successive.

3. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

4. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Ms. Wylie may object to this Findings and Recommendation within 14 days.[7] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Ms. Wiley must immediately notify the Court of any change in her mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to her.

DATED this 31st day of August, 2015.

_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[7] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

13